# United States Court of Appeals
## For the First Circuit

————————————

No. 99-2124

UNITED STATES,

Appellee,

v.

ROBERT E. PARADIS,

Defendant, Appellant.

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

————————————

Before

Selya and Lynch, Circuit Judges,

and Schwarzer,* Senior District Judge.

————————————

Thomas B. Wheatley, by appointment of the Court, for appellant.
Margaret D. McGaughey, Assistant United States Attorney, with whom
Jay P. McCloskey, United States Attorney, was on brief, for appellee.

————————————

July 17, 2000

————————————

* Of the Northern District of California, sitting by designation.

**SCHWARZER, <u>Senior District Judge</u>.**  We must decide whether a defendant convicted of a single count of laundering the proceeds of bankruptcy fraud was properly ordered to make restitution to the bankruptcy trustee.

## BACKGROUND

This case arises out of a scheme to conceal assets from the bankruptcy court, the trustee and creditors in the bankruptcy proceedings of Catherine Petit, defendant Robert Paradis's employer. Prior to her bankruptcy, Petit was pursuing a multi-million dollar claim against various parties.  To help finance the litigation, Petit and several associates (not including Paradis) persuaded investors to purchase stakes in the outcome of the litigation.  From 1989 until 1997, they raised roughly $8.2 million from numerous investors.  In June 1993, an involuntary Chapter 7 (later converted to Chapter 11) petition was filed against Petit.  During the course of the bankruptcy proceedings, Petit falsely denied receiving any income from the sale of her interest in the litigation.  This fraud on the bankruptcy court ultimately led to the October 1997 arrests of Petit, Paradis, and several of Petit's associates.

Paradis's role in the scheme was to conceal Petit's investment income from her creditors and the bankruptcy court.  As office manager of a company Petit controlled, Paradis received a portion of the funds Petit raised through the investment scheme and

deposited them in personal accounts held by him and his wife.  From those accounts, Paradis paid Petit's business and personal expenses.  All told, Paradis passed roughly $3 million through his accounts, depriving Petit's bankruptcy estate and her creditors of potential access to those funds.

Shortly after his arrest in October 1997, Paradis pled guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2.  The district court sentenced Paradis to fifteen months in prison and three years of supervised release, and ordered Paradis to pay $3 million in restitution to the United States Trustee in Petit's bankruptcy case.  On this appeal, Paradis challenges the restitution order and the length of the term of supervised release.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

## DISCUSSION

### I.  RESTITUTION

#### A.  Standard of Review

We customarily review restitution orders for abuse of discretion.  See United States v. Vaknin, 112 F.3d 579, 586 (1st Cir. 1997).  "To the extent that a challenge to a restitution order hinges on a legal question, however, the sentencing court's answer to that question is reviewed de novo."  Id.

#### B.  Application of Restitution to Money Laundering

At sentencing, both Paradis and the government argued that because in the usual case--laundering of the proceeds of drug transactions--the victim is society, restitution is improper in a case where money laundering is the only offense. The district court, however, concluded that because Paradis's money laundering deprived the bankruptcy trustee of the ability to distribute the laundered funds to Petit's creditors, restitution was appropriate and the trustee was a victim for purposes of 18 U.S.C. § 3663A. The court ordered Paradis to pay restitution of roughly $3 million--the aggregate of the laundered funds--to the trustee in Petit's bankruptcy case. On appeal, Paradis urges us to reverse the restitution order on the same ground he argued in the district court, i.e., that there can be no identifiable victim for purposes of § 3663A because the victim of money laundering is society. Although the government also took that position in the district court, on appeal it defends the district court's order to facilitate our consideration of this issue.

Paradis's argument rests on decisions applying the grouping provisions of United States Sentencing Guideline § 3D1.2, under which offenses are grouped for sentence calculation where they are based on different acts but harm the same victims. He relies principally on United States v. Lombardi, 5 F.3d 568 (1st Cir. 1993). The issue there was whether a defendant's sentence for mail fraud and for money laundering should have been included in a single group. In rejecting

-4-

the defendant's argument that his mail fraud and money laundering convictions involved the same victims for purposes of grouping under the guidelines, we said, "[t]he guidelines are clear that, for purposes of these subsections, the victim of fraud is the insurance company and the victim of money laundering is society."  The decision is not apposite; it does not implicate the construction of the restitution statute, 18 U.S.C. § 3663A, nor does it purport to decide that money laundering could not produce an identifiable victim.  For the same reasons, the other decisions on which Paradis relies are inapposite.  See, e.g., United States v. Kunzman, 54 F.3d 1522, 1531 (10th Cir. 1995) (securities fraud and money laundering); United States v. Gallo, 927 F.2d 815, 824 (5th Cir. 1991) (drug offenses and money laundering).

We turn now to the statute.  Under 18 U.S.C. § 3663A, restitution is mandatory where the defendant is convicted of "any . . . offense against property under [Title 18], including any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(c)(1); id. § 3663A(a)(1).  Paradis does not dispute that money laundering is an offense against property.  See 18 U.S.C. § 1956(a)(1) ("Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts . . . a financial transaction . . .") (emphasis added). A "victim" under the statute is "a person directly and proximately harmed as a result of

-5-

the commission of an offense for which restitution may be ordered . . . ."  18 U.S.C. § 3663A(a)(2).

Here, Paradis diverted funds he knew were the proceeds of Petit's fraud on the bankruptcy court from the bankruptcy estate.  To conceal the existence of those funds from the bankruptcy court, Paradis channeled them through his own accounts, out of which he paid Petit's personal and business expenses.  The direct result of Paradis's actions was to conceal from the bankruptcy court and from the estate $3 million that could have been available to satisfy claims of creditors.  On these facts, Paradis's argument that society alone was the victim is untenable and restitution may be appropriate to the extent identifiable victims exist.

## C.  Identification of the Victim

The district court determined that the bankruptcy trustee was the victim for purposes of § 3663A.  The victim must be one who was "harmed as a result of the commission of [the] offense." 18 U.S.C. § 3663A(a)(2).  While the trustee may be a victim of bankruptcy fraud, that was not the charge against Paradis.  His offense was laundering the proceeds of the fraud.  There is no evidence that the trustee was harmed as a result of this offense.  Its effect was to conceal the proceeds of the fraud and to divert those funds from the estate where they could have been available to pay creditors who had filed claims.  But again there is no evidence of harm to creditors, i.e., no evidence

of creditors who filed claims that went unpaid.  Because there is no evidence of identifiable victims who suffered harm as a result of Paradis's money laundering, the restitution order must be vacated.

**II.  SUPERVISED RELEASE**

For the first time on appeal, Paradis challenges the three-year term of supervised release imposed as part of his sentence. Because he did not raise this objection in the district court, our review is for plain error.  See United States v. Merric, 166 F.3d 406, 409 (1st Cir. 1999).  Paradis must establish "an obvious and clear error under law that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 409-10 (internal quotations omitted).  His argument is merely that three years of supervised release is unnecessary.  This falls well short of an assertion of plain error. We therefore reject Paradis's challenge to his term of supervised release.

## CONCLUSION

The order of restitution is **vacated**.  In all other respects, the judgment is **affirmed**.