[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2457

UNITED STATES,

Appellee,

v.

DAVID BRENT COSTIGAN,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Bownes, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Jon A. Haddow and Farrell, Rosenblatt & Russell on brief for appellant.
Jay P. McCloskey, United States Attorney, and F. Mark Terison, Senior Litigation Counsel, on Motion for Summary Disposition for appellee.

---

March 26, 2001

---

**Per Curiam**.  The government has moved for summary disposition in this direct criminal appeal filed by David Brent Costigan.  We grant the motion and summarily affirm Costigan's conviction and sentence.

Costigan was convicted, after a bench trial, of possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, involving his former girlfriend, Maria Santos.  See 18 U.S.C. § 922(g)(9).[1]  A misdemeanor crime of domestic violence is defined as

> an offense that -
>
> (i) is a misdemeanor under Federal or State law; and

---

[1]Section 922(g)(9) provides that:

> It shall be unlawful for any person -
>
> . . .
>
> who has been convicted in any court of a misdemeanor crime of domestic violence
>
> . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

> (ii) has, as an element, <u>the use or attempted use of physical force</u>, or the threatened use of a deadly weapon, <u>committed</u> by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, <u>by a person who is cohabiting with</u> or has cohabited with <u>the victim as a spouse</u>, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A) (emphasis added). Costigan was sentenced on October 17, 2000 to four months imprisonment and remanded to custody at that time.[2]

At trial, Costigan stipulated that he had possessed a rifle, which had traveled in interstate commerce, and that he had two prior convictions for assaulting Santos, which convictions were misdemeanors under Maine law and had, as an element, the use or attempted use of physical force. Costigan contested only that the convictions were for domestic violence as required by § 922(g)(9) and defined by § 921(a)(33)(A)(ii). The issue at trial and Costigan's primary issue on appeal is his contention that "cohabiting ... with the victim as a spouse," see § 921(a)(33)(A)(ii) [quoted, supra], is unconstitutionally vague.

---

[2]Both the district court and this court denied Costigan's request for release pending appeal.

In United States v. Meade, 175 F.3d 215 (1st Cir. 1999), we rejected a vagueness challenge to § 922(g)(9), reciting, that "[i]t is, after all, fair to presume that a misdemeanant will know his relationship with his victim." Id. at 222. The precise issue posed by the instant case, however, was not present in Meade because Meade's prior misdemeanor conviction had been for assaulting his spouse. Costigan argues that living together as boyfriend and girlfriend (which is how he describes his relationship with Santos) does not give sufficient notice that he can not possess a firearm if convicted of assaulting that girlfriend. He also argues that his conduct did not factually support the definition because he and Santos had a stormy relationship in which marriage was not contemplated and, he said, he only sporadically lived with Santos and, at other times, lived at an apartment attached to his mother's home.

We review de novo a contention that a criminal statute is unconstitutionally vague. See United States v. Bohai Trading Co., Inc., 45 F.3d 577, 580 (1st Cir. 1995). And, we review a vagueness challenge, not involving First Amendment freedoms, in light of the facts of the case at hand. See United States v. Mazurie, 419 U.S. 544, 550

-4-

(1975).  With that framework in mind, we reject Costigan's vagueness challenge.

Among the factors that the district court considered in determining whether the government had proved that Costigan and Santos were cohabiting as spouses were the length of the relationship; shared residence as indicated by spending the night and keeping one's belongings at the residence; intimate relations; expectations of fidelity and monogamy; shared household duties; regularly sharing meals together; joint assumption of child care; providing financial support; moving as a family unit; joint recreation and socialization; and recognition of the live-in relationship by family and friends as indicated by visits to the residence.  These factors are both relevant and supported by the evidence.

Costigan met Maria Santos in October or November 1995.  He moved in with her and her three children from prior marriages soon thereafter and he and Santos shared a sexual relationship.  Costigan kept his clothes at their home in a dresser purchased for that purpose.  The couple and Santos's children moved to an apartment that Costigan found for them.  The couple and the children ate together as a family and had a regular Tuesday family pizza night.

Costigan built a fence at the new apartment. He participated in the discipline of the children, played with them, gave them money, attended their school activities and formed a bond with them. Costigan's relatives visited and considered the couple as living together.

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." See United States v. Harriss, 347 U.S. 612, 617 (1954). A person of ordinary intelligence would view the facts recited above as a description of Costigan cohabiting with Santos as a spouse. During the course of their relationship, Costigan assaulted Santos in December 1995, was convicted of this assault in February 1996, assaulted Santos again in June 1996, was convicted of this second assault in September 1996, and allegedly assaulted Santos a third time in October 1999. A rifle was found in Costigan's possession at the time of the October 1999 incident, leading to the firearm charge underlying this appeal. In defining domestic violence, the statutory phrase "cohabiting ... with the victim as a spouse," gave Costigan fair notice that his conduct of

possessing a firearm after his convictions for assaulting Santos was forbidden.

Costigan also argued below and reiterates on appeal his claim that § 922(g)(9) exceeds Congress's power under the Commerce Clause because possession of a firearm by a person convicted of a misdemeanor crime of domestic violence is not economic activity and is without substantial impact upon interstate commerce. Rather, he argues, curbing domestic violence is properly assigned to state law. As with the constitutional challenge based on vagueness, we review de novo a statutory challenge based on the Commerce Clause. See United States v. Cardoza, 129 F.3d 6, 10 (1st Cir. 1997).

Costigan relies on United States v. Morrison, 120 S. Ct. 1740 (2000), in which the Court held that Congress lacked authority to enact the Violence Against Women Act ("VAWA"), 42 U.S.C. § 13981, under the Commerce Clause. The Court found that (i) gender-motivated crimes of violence are not economic in nature, (ii) VAWA did not contain any jurisdictional element, and (iii) the Congressional findings regarding the impact on interstate commerce inappropriately blurred the distinction between national and local authority. Id. at 1751-54. Costigan argues that nothing in

-7-

the statutory history of § 922(g)(9) shows that possession of firearms by persons convicted of misdemeanor crimes of domestic violence has any appreciable impact on interstate commerce and, to the extent that § 922(g)(9) seeks to prevent possession of firearms, it regulates purely local activity.

Section 922(g)(9) is unlike the VAWA. Section 922(g)(9) is subject to an interstate jurisdictional requirement in that the firearm must have traveled in interstate commerce. Post-Morrison, courts have uniformly held that Morrison does not affect the conclusion that § 922(g) is within Congressional authority under the Commerce Clause. See, e.g., United States v. Dorris, 236 F.3d 582, 585-86 (10th Cir. 2000) (reviewing § 922(g)(1)); United States v. Napier, 233 F.3d 394, 401-02 (6th Cir. 2000) (reviewing § 922(g)(8));[3] United States v. Jones, 231 F.3d 508, 514-15 (9th Cir. 2000) (reviewing § 922(g)(8)); United States v. Wesela, 223 F.3d 656, 659-60 (7th Cir. 2000) (reviewing § 922(g)(1)), cert. denied, 121 S. Ct. 1145 (2001). Apart from the express jurisdictional requirement

---

[3]Section 922(g)(8) is similar to § 922(g)(9) in that sub-section (8) prohibits a person who is subject to a domestic violence court order from possessing a firearm that has traveled in interstate commerce.

that the firearm have traveled in interstate commerce, the Napier and the Jones courts distinguished Morrison by the nature of the subject matter of the statutes involved. The VAWA regulated a purely intrastate non-commercial activity, while § 922(g)(8) regulates the possession of firearms, a product of interstate commerce. United States v. Napier, 233 F.3d at 401-02; United States v. Jones, 231 F.3d at 514-15. Costigan does not even mention these post-Morrison cases, much less distinguish them. We reject Costigan's Commerce Clause challenge to § 922(g)(9).

Finally, Costigan contends that the district court abused its discretion in imposing a three year term of supervised release. See U.S.S.G. §5D1.1(b) (permitting, but not requiring, the court to order a term of supervised release to follow imprisonment when a sentence of one year or less is imposed). In deciding whether to impose a term of supervised release, the court "may consider the need for a term of supervised release to facilitate the reintegration of the defendant into the community; to enforce a fine, restitution order, or other condition; or to fulfill any other purpose authorized by statute." U.S.S.G. §5D1.1, comment. (n.2).

Costigan did not object below to the imposition of a term of supervised release. We, therefore, review this claim for plain error. See United States v. Paradis, 219 F.3d 22, 25 (1st Cir. 2000). In fashion similar to defendant Paradis, see id., Costigan does little more than simply argue that three years of supervised release is unnecessary. At sentencing, the district court described Costigan as exactly the sort of person that Congress was concerned with in enacting § 922(g)(9) and one who had not taken responsibility for his life. It also required, as an additional condition of supervised release, that Costigan participate in a program of mental health treatment, including a batterer's intervention program. These determinations, fully supported by the evidence, attest to the need to facilitate Costigan's reintegration into the community. See U.S.S.G. §5D.1.1, comment. (n.2). They also establish that Costigan has failed to demonstrate "an obvious and clear error under law that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Paradis, 219 F.3d at 25 (citation omitted).

The judgment of the district court is summarily affirmed. Loc. R. 27(c).