[NOT FOR PUBLICATION -- NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1241

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

SILO DIAZ-PAULINO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Coffin and Campbell, Senior Circuit Judges.

---

Raymond L. Sanchez Maceira, by Appointment of the Court, on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant U.S. Attorney, and Thomas F. Klumper, Assistant U.S. Attorney, on brief for appellee.

June 27, 2001

**Per curiam.** Appellant Silo Diaz-Paulino seeks dismissal of a criminal complaint charging him with illegal reentry into the United States, see 8 U.S.C. § 1326(b)(2), on the ground that his first appearance before a magistrate occurred more than 48 hours after his warrantless arrest, in violation of Federal Rule of Criminal Procedure 5(a). He also argues that the district court erred by refusing his request for a downward departure in his sentence. Neither argument is viable on appeal.

Appellant did not raise the Rule 5(a) issue before the district court, and it consequently is subject to plain error review. United States v. Paradis, 219 F.3d 22, 25 (1st Cir. 2000). Even under a more lenient standard, however, the argument would be futile. We previously have held that § 1326(b)(2) is a status offense that does not trigger the protections of Rule 5(a) until the criminal process has been initiated against the detained alien. See United States v. Encarnacion, 239 F.3d 395, 399 (1st Cir. 2001). In a separate decision issued today, we explain the circumstances in which an alien who is detained civilly in connection with a status offense may challenge his detention. See United States v.

<u>Tejada</u>, No. 00-1241, slip op. at 5-6 (June 27, 2001). Here, as there, there is no evidence of a pretextual detention and thus no basis under Rule 5(a) to consider dismissing the charge against him.[1]

Appellant's sentencing argument is similarly meritless. A district court's discretionary refusal to depart downward under the Sentencing Guidelines is unreviewable on appeal. <u>United States</u> v. <u>Patrick</u>, 248 F.3d 11, 28 (1st Cir. 2001). The record clearly shows that the court understood its authority to depart, but chose not to do so. Accordingly, we are without jurisdiction to review its judgment.

<u>The judgment of the district court is therefore affirmed.</u>

---

[1] We note that the proceedings here occurred more expeditiously than in Tejada's case. Diaz was interviewed by an officer of the Immigration and Naturalization Service (INS) the day after his arrest, and he was brought before a magistrate judge for an initial appearance seven days later, more than a week sooner than Tejada was given such a hearing.